

U.S. Department of Justice

United States Attorney
District of New Jersey

___

*Garrett J. Schuman*  *970 Broad Street, 7th floor*  *973-645-2700*
*Assistant United States Attorney*  *Newark, New Jersey 07102*

GJS/PL AGR
2020R01402

September 26, 2023

Anthony L. Marchetti, Jr., Esq.
Marchetti Law, P.C.
317 Delsea Drive
PO BOX 656
Sewell, NJ 08080

    Re: <u>Rule 11(c)(1)(C) Plea Agreement with Zona Roofing LLC</u>

Dear Counsel:

  This letter sets forth the plea agreement between your client, Zona Roofing LLC ("Defendant"), through its principal Yilbert Segura ("SEGURA") and the United States Attorney for the District of New Jersey ("this Office"). SEGURA is obligated to all terms and conditions of this plea agreement as principal of Defendant, including the obligation to make restitution payments. This offer will expire on **August 25, 2023**, if it is not accepted in writing by that date. If Defendant does not accept this plea agreement, sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

  Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from Defendant to a One-Count Information, which charges Defendant with Willful Violation of Occupational Safety and Health Administration ("OSHA") standards, specifically 29 C.F.R. § 1926.503(a)(1), by willfully failing to provide a training program to each employee who might be exposed to fall hazards, to enable each employee to recognize the hazards of falling, and be trained in the procedures to be followed to minimize these hazards; and 29 C.F.R. § 1926.501(b)(13), by willfully failing to provide fall protection to employees engaged in residential construction activities 6 feet or more above lower levels; which caused the death of an employee, in violation of 29 U.S.C. § 666(e).

  If Defendant, through its principal, SEGURA, enters a guilty plea and is sentenced to five years' probation, pays $75,000 in restitution, and is ordered to

comply with the special conditions outlined in the paragraph of this Agreement entitled "Sentencing" ("the Stipulated Sentence"); and otherwise fully complies with this agreement, this Office will: (1) not initiate any further criminal charges against Defendant or its principal, SEGURA, for their participation in violating 29 C.F.R. §§ 1926.501(b)(13) or 1926.503(a)(1) resulting in the death of an employee in or around Haledon, New Jersey, on August 8, 2019; and (2) file an Order for dismissal of the criminal complaint against SEGURA in the case bearing docket number 23-mj-11001.

But if a guilty plea in this matter is not entered for any reason, the Defendant fails to pay restitution within 30 days of the entry of the guilty plea, or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Defendant and its principal, SEGURA, even if the applicable statute of limitations period for those charges expires after Defendant, through its principal, SEGURA, signs this agreement, and Defendant and SEGURA agree not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, Defendant, through its principal, SEGURA, may withdraw the guilty plea. Whether or not Defendant withdraws the guilty plea, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), Defendant will not move to withdraw the guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 29 U.S.C. § 666(e) to which Defendant, through its principal, SEGURA, agrees to plead guilty in the Information carries a statutory maximum prison sentence of 6 months, a maximum statutory probation sentence of 5 years, and a maximum fine equal to the greatest of (1) $10,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and Defendant agree that the Stipulated Sentence is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence Defendant to five years' probation, order Defendant to pay $75,000 in restitution, and order Defendant to comply with the following special conditions during the term of probation:

    1. To the extent that Defendant, or its successors or assigns, continues to engage in the business of roofing, framing, construction, or similar

activities, Defendant, through its principal, SEGURA, agrees to implement the following measures ("Enhanced Abatement Provisions") for a period of 5 years as conditions of probation. SEGURA is obligated to all terms and conditions as principal of Defendant:  If Segura is an employee of a construction company that is not a successor or assign of the Defendant, these provisions do not apply.

   a) No later than the date of sentencing, Defendant shall develop and implement a comprehensive written company safety and health plan, including a daily safety checklist to be used at each worksite/job.  Defendant shall provide a copy of its written safety and health plan to OSHA's Hasbrouck Heights Area Office by email to Mesuk.Paul@DOL.GOV.

   b) For any job for which Defendant submits a bid or offer, Defendant shall consider the likely safety and health hazards of the job and the anticipated cost of any equipment or other measures that would be needed to ensure the safety of employees on the job, and shall incorporate such considerations into Defendant's bid or offer for the job.

   c) For each of its worksites/jobs, Defendant shall develop prior to the start of the job, and implement during the job a site-specific safety plan, addressing anticipated hazards including but not limited to fall hazards and use of ladders.  Each site-specific safety plan shall specify what types of fall protection will be used for each stage of the job.

   d) For each of its worksites/jobs, Defendant shall designate prior to the start of the job an onsite safety supervisor with authority to correct hazardous conditions, and with responsibility for ensuring that the company safety plan and site-specific safety plan are implemented at the worksite.  For jobsites on which all work is performed through subcontractors, the safety supervisor may be an employee of a subcontractor.

   e) For each of Defendant's worksites/jobs, the designated site safety supervisor shall conduct a site safety assessment/inspection on at least a daily basis, and shall conduct a site safety meeting with the crew at least daily, including at the start of each workday. The site safety supervisor will also inspect all fall protection equipment used on the job (removing any deficient equipment from use) and will monitor and enforce the use of fall protection.

f) For each of Defendant's worksites/jobs, the designated site safety supervisor shall complete and maintain a daily safety checklist to document: implementation of a site-specific safety plan addressing anticipated hazards, including but not limited to fall hazards and use of ladders; completion of the daily safety assessment/inspection; completion of the site safety meeting, including names of attendees; and any safety deficiencies observed and/or corrections made by the site safety supervisor during the course of the day.  Defendant shall retain the completed checklists and make them available to OSHA upon request.

g) Defendant shall ensure that by no later than the date of sentencing, all of its employees receive training from Defendant regarding Defendant's company safety and health plan, and that any additional employees hired by Defendant receive such training at the start of their employment.  In addition, Defendant shall ensure that its principal, SEGURA, completes the OSHA 30-hour safety training by the date of sentencing.  If Defendant has or hires any other supervisory employees (employees who may be designated as site safety supervisors), they must also complete the OSHA 30-hour safety training.

h) For a period of one year, Defendant shall notify OSHA Hasbrouck Heights Area Office, by email to Mesuk.Paul@DOL.GOV, of the address and expected dates of each of Defendant's jobs occurring in New Jersey.  Such notification shall be provided at least one week in advance of the start of the job if the job is contracted more than one week in advance.  In the event a job is contracted less than one week in advance, notification shall be made as soon as practicable.

i) Defendant shall permit warrantless entry by OSHA at all of its worksites.

j) In the event that the principal, SEGURA, of Defendant, begins doing business in the construction industry via a business entity other than the Defendant – whether as an owner, partner, or officer of another entity, or as an unincorporated sole proprietor – then all of the Enhanced Abatement Provisions required herein shall apply to any such business. SEGURA shall notify OSHA Hasbrouck Heights Area Office of any such business (via email to Mesuk.Paul@DOL.GOV), including the name and contact information of such business, within 10 days of SEGURA

>commencing such business. This provision does not apply to any business in which SEGURA is not an owner, partner, officer, or unincorporated sole proprietor.

Further, in addition to imposing any other penalty on Defendant, the sentencing judge as part of the sentence:

(1)  will order Defendant to pay an assessment of $50 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  may order Defendant to pay restitution pursuant to 18 U.S.C. § 3663 *et seq*.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663, Defendant agrees to pay restitution in the amount of $75,000.00, to reimburse the decedent victim's family members for the income lost by the victim's estate as a result of Defendant's offense. Restitution shall be due 30 days after the entry of the Defendant's guilty plea.

Defendant agrees that all funds paid towards restitution prior to sentencing will be held by the Clerk's Office for distribution upon the entry of a restitution order. Payment will be in the form of a check made out to U.S. Treasury Department. Defendant agrees to execute a consent order authorizing the Clerk of the United States District Court for the District of New Jersey to deposit monies from or on behalf of the Defendant into the Court's registry.

Defendant further agrees that if Defendant fails to pay the full restitution amount within 30 days of the entry of Defendant's guilty plea, Defendant shall complete and submit a Financial Disclosure Statement provided by the United States, along with all documents supporting Defendant's stated assets and liabilities. If Defendant fails to pay the full restitution amount within 30 days of the entry of Defendant's guilty plea, defendant agrees to cooperate fully with the Financial Litigation Unit with respect to requests for additional information pertaining to Defendant's assets and liabilities, and agrees, if necessary, to appear for a deposition concerning its assets and liabilities and its ability to pay restitution.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Defendant by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or

otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Defendant's activities and relevant conduct with respect to this case.

Stipulations

This Office and Defendant will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes the Stipulated Sentence, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, Defendant will not challenge by any means his/her conviction or any component of his/her sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim Defendant pursues in an appropriate forum, when permitted by law, that Defendant received constitutionally ineffective assistance of counsel.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Defendant. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding.

No provision of this agreement shall preclude Defendant from pursuing in an appropriate forum, when permitted by law, a claim that Defendant received constitutionally ineffective assistance of counsel.

No Other Promises

      This agreement constitutes the entire plea agreement between Defendant and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                                                Very truly yours,

                                                PHILIP R. SELLINGER
                                                United States Attorney

By:    Garrett J. Schuman
         Assistant U.S. Attorney

APPROVED:

_____

David Walk, Deputy Chief, Criminal Division

- 8 -

I have received this letter from my attorney, Anthony L. Marchetti, Jr., Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and restitution. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 08 / 31 / 2023
Yilbert Segura, as Principal of Defendant


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and restitution. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 8/31/23
Anthony L. Marchetti, Jr., Esq.
Counsel for Defendant

Doc ID: 28e88df0f643106f26d11c52116666a7cd0470fb

<u>Rule 11(c)(1)(C) Plea Agreement With Defendant</u>

<u>Schedule A</u>

This Office and Defendant agree to stipulate to the following facts:

1. On or about August 8, 2019, Zona Roofing LLC was an employer within the meaning of OSHA Standard 29 C.F.R. § 1926.32(k).

2. On or about August 8, 2019, Zona Roofing LLC failed to provide a training program to each employee who might be exposed to fall hazards, to enable each employee to recognize the hazards of falling, and be trained in the procedures to be followed to minimize these hazards; and failed to provide fall protection to employees engaged in residential construction activities 6 feet or more above lower levels.

3. The failures described in Paragraph 2 constituted willful violations by Zona Roofing LLC of OSHA Standards 29 C.F.R. § 1926.503(a)(1) and 29 C.F.R. § 1926.501(b)(13).

4. The failures described in Paragraph 2 caused the death of an employee.

5. The term "employee" in Paragraphs 2 and 4 above is used as defined in OSHA Standard 29 C.F.R. § 1926.32(j).